**UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

**CASE NO.:  1:18-cv-1333**


DONALD LEE

       Plaintiff,


vs.

FRESH EXPRESS INCORPORATED

       Defendant.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, DONALD LEE, through counsel, sues Defendant, FRESH EXPRESS INCORPORATED, states and alleges the following:

**THE PARTIES**

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay overtime pay to Plaintiff for all time worked in excess of forty (40) hours in one or more individual workweeks.

2.    Plaintiff resides in and is domiciled within this judicial district.

3.    At all times relevant hereto, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

4.    Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

5.  Defendant FRESH EXPRESS INCORPORATED, is a foreign corporation that conducts business in this judicial district.

6.  Defendant FRESH EXPRESS INCORPORATED is a "corporation" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.  From about April 17, 2017 through the present, Plaintiff has been employed by Defendant as a maintenance supervisor who handled goods that were manufactured out of state and had moved in interstate commerce.

8.  Despite his job title as that of a maintenance supervisor, Plaintiff has no managerial or supervisory authority. Plaintiff does not hire or fire employees, nor does he give any suggestions or recommendations as to the hiring, firing, advancement, or promotion of any other employees.

9.  Throughout the course of Plaintiff's employment with Defendant, FRESH EXPRESS INCORPORATED, despite Plaintiff not being exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq*. or the minimum/overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., nonetheless typically pays Plaintiff a flat salary for all hours worked, regardless of the number of hours worked, despite no exemptions applying.

10. Plaintiff estimates that he works an average of 50 to 60 hours per week and is paid a flat salary without any additional compensation for his overtime premiums.

## **JURSDICTION AND VENUE**

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 11, as if fully set forth herein.

12. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) one and half-time overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. In one or more individual work weeks (April 17, 2017 to the present), Defendant did not compensate Plaintiff at a rate of one and one-half times the regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

14. Defendant willfully violated the Fair Labor Standards Act by failing to pay Plaintiff all time worked in excess of forty (40) hours per week at the overtime premium rate.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorney's fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW "(IMWL")
## OVERTIME WAGES

Plaintiff reavers and realleges Paragraphs 1 through 11, as if fully set forth herein.

15.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

16.   The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

17.   Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times the regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

18.   Defendant violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time they worked in excess of forty (40) hours in one or more individual workweeks.

19.   Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

   A.   A judgment in the amount of one and one-half times hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

   B.   Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

   C.   Reasonable attorney's fees;

   D.   Costs incurred in filing this action; and

E.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

James M. Loren, Esquire
Goldberg & Loren, P.A.
1776 N. Pine Island Rd Suite 224
Plantation, FL 33322 SEP
Phone: (954) 585-4878
Facsimile (954) 585-4886
E-Mail: JLoren@goldbergloren.com

/s/ James M. Loren
James M. Loren, Esquire

5